UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20540-CR-ALTONAGA

UNITED STATES OF AMERICA,

v.

DELVIS LARA FUENTES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Cecilia M. Altonaga's Order of Referral [ECF No. 61], to conduct a Change of Plea Hearing for Defendant Delvis Lara Fuentes in this case. The Court having conducted the Change of Plea Hearing on May 17, 2023, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

1

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and the Defendant acknowledged that he signed and understood it. Defendant pleaded guilty as to Count 1 of the Indictment which charges him with transportation of stolen goods in violation of 18 U.S.C. § 2314. The Government agrees to seek dismissal of Count 2 of the Indictment, which charges Defendant with possession of stolen goods in violation of 18 U.S.C. § 2315, after sentencing.

6. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

7. Further, the Court reviewed with Defendant the possible maximum penalties for the charged offense. Defendant acknowledged he understood these possible penalties. Defendant was advised that as to Count 1 the Court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to three years. The Court also

advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $250,000.00 and may order restitution and forfeiture, and will impose a special assessment in the amount of $100. Additionally, Defendant understood and agreed that the amount of restitution owed in this case is $206,956.24, jointly and severally with any other co-defendants.

8. The Court reviewed the terms of the appeal waiver in Paragraph 15 of the plea agreement. Defendant acknowledged he had sufficient time to discuss the terms of the appeal waiver with his attorney and he understood it. Specifically, the Court reviewed Defendant's waiver of the rights conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to appeal any sentence imposed. The Court finds that Defendant's appeal waiver of his right to appeal his sentence as stated in Paragraph 15 is knowing and voluntary.

9. Defendant acknowledged that he had reviewed the Indictment, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

10. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Count 1 of the Indictment and that Defendant be adjudicated guilty of the offense charged.

11. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief District Judge Cecilia M. Altonaga at a later date.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5)[1] days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendants' plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 17th day of May, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Chief United States District Judge Cecilia M. Altonaga;**

**All Counsel of Record**

12.

---

[1] The parties have agreed that a five-day objection period is sufficient in this case.